**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

FRANK DITTO,

        Plaintiff

    v.

CATHERINE DITTO, et al.

        Defendants.

Case No. 3:25-cv-50417

Honorable Iain D. Johnston

**OPINION AND ORDER**

The Court will assume some familiarity with its previous order denying Plaintiff Frank Ditto's request for a preliminary injunction. Dkt. 45. The Court's order dismissed the action without prejudice but warned Mr. Ditto that he should only file an amended complaint *if* he believed he had a legitimate claim unrelated to the probate matter. *Id.* Mr. Ditto filed a third amended complaint. Dkt. 53. Evidently, Mr. Ditto believes he has viable claims. He's wrong. For the reasons that follow, the Court grants Defendants' motions to dismiss the complaint for lack of jurisdiction under Rule 12(b)(1).

1

## I.    Background[1]

While Mr. Ditto received medical treatment for cancer, the probate court began proceedings regarding his deceased mother's property. Mr. Ditto requested accommodations from the probate court because of his disabilities under the Americans with Disabilities Act, but these requests were denied. At some point, the probate judge muted Mr. Ditto during a hearing and conducted hearings without Mr. Ditto present. During the probate court proceedings, Defendants failed to provide certain documents and allegedly altered emails to mislead the probate court. Despite a purported agreement between Mr. Ditto and his mother giving him her home, Defendants sold the house while a request for a temporary restraining order was pending in this Court.

## II.    Legal Standard

As a *pro se* litigant Mr. Ditto's pleadings are construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Courts must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor on consideration of a motion to dismiss for lack of subject-matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). The plaintiff bears the burden of establishing jurisdiction. *Id.* at 588-89.

---

[1] The Court properly draws these allegations from Mr. Ditto's Third Amended Complaint [53] and the associated filings [54, 55, 56, and 57]. *Thompson v. Ill. Dep't of Pro. Regul.*, 300 F.3d 750, 754 (7th Cir. 2002). The Court needn't repeat the procedural background discussed in its November 13, 2025 order.

### III.    Analysis

As the Court explained in its prior order in this matter, the probate exception to federal jurisdiction prevents courts from probating a will or administering an estate. *Marshall v. Marshall*, 547 U.S. 293, 310 (2006). Although the probate exception doesn't bar claims that don't ask a court to administer the estate, a plaintiff can't dress up a claim for maladministration of an estate as a due process violation to escape the probate exception's grip. *Jones v. Brennan*, 465 F.3d 304, 308 (7th Cir. 2006). The probate exception is limited to claims that are "tantamount to asking the federal district court to take over the administration of the estate." *Beasley v. Coleman*, 560 F. App'x 578, 580 (7th Cir. 2014) (quoting *Jones*, 465 F.3d at 307). As decided in this Court's November 13, 2025 order, any complaints about Defendant Catherine Ditto's sale of the house fall squarely within the probate exception.

The *Rooker-Feldman* doctrine places another limit on federal district court jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine prevents a federal court—other than the Supreme Court—from reviewing state court decisions. *Jones*, 465 F.3d at 305. It applies only when the party that lost in state court files suit in federal court after the conclusion of the state case. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 291 (2005). Its reach is also limited to matters that are the subject of the state court's judgment. *Jones*, 465 F.3d at 305. However, claims that are inextricably intertwined with a state court's judgment are also

outside the jurisdiction of federal courts under the doctrine. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). Claims that ask a federal court to set aside a state court judgment are barred. *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004). If the federal claims are merely intertwined with the state court judgment, the federal court must determine whether the claimant had a reasonable opportunity to raise the issues in state court proceedings. *Id.* at 534-35. The essential inquiry is "whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

The Court warned Mr. Ditto that he needed to bring claims outside the probate matter in its prior order. Although he succeeds in avoiding the probate exception because his claims don't directly implicate the property at issue in the probate matter, his claims do fall within the *Rooker-Feldman* doctrine. His complaint is still limited to conduct that occurred in the probate court. *See Sykes*, 837 F.3d at 741 (holding that claims about accommodations in a courtroom are outside of the probate exception but within *Rooker-Feldman*).

The probate court entered its decision in May 2024. Dkt 34-5 at 83:6-13. He exhausted his appeals in state court. Dkt. 34-8. There can be no doubt that the state court proceedings have ended. *See Sykes*, 837 F.3d at 741-43 (applying the *Rooker-Feldman* doctrine when probate proceedings terminated between the district court's decision and the Seventh Circuit's decision).

4

Mr. Ditto's complaint targets matters that are inextricably intertwined with the state court's judgment. He takes issue with how the state probate court conducted its own proceedings and complains of its evidentiary rulings.[2] He objects to how Defendant Catherine Ditto allegedly prejudiced the probate court. To the extent that these claims don't directly implicate the probate court's judgment, Mr. Ditto had the opportunity to challenge the probate's court conduct and its decisions through the state appellate process. He took advantage of that process. This Court can't review those decisions. The Court lacks jurisdiction to hear this matter, so this action is dismissed for lack of subject-matter jurisdiction.

## IV.  Defendant Catherine Ditto's Request for Sanctions

In her motion to dismiss Catherine Ditto asks this Court to sanction Mr. Ditto because Mr. Ditto purportedly repeats a claim based on conduct during the pendency of his motion for a temporary restraining order. Although it's true that the Court previously acknowledged that such a claim would be unavailing, Ms. Ditto's motion for sanctions is improper. *See* Fed. R. Civ. P. 11(b)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."). So, the request

---

[2] The Court notes that the probate court isn't named as a defendant in this action.

for sanctions is denied and in any event the case is dismissed. There's no need to sanction a dead horse in this case.

Entered: April 10, 2026           By: _____

                                           Iain D. Johnston
                                           U.S. District Judge